UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | |
|---|---|
| Case No. | **EDCV 16-2651 JGB (RAOx)** |
| Date | February 23, 2017 |
| Title | ***Darrell Bloomer v. Serco Management Services, Inc. et al.*** |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order: (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 12); and (2) GRANTING Defendants' Request for Judicial Notice (Dkt. No. 13-4.)

   Before the Court are Plaintiff Darrell Bloomer's ("Plaintiff") Motion to Remand the Action to San Bernardino County Superior Court, ("Motion," Dkt. No. 12), and Defendants' Request for Judicial Notice. (Dkt. No. 13-4.)  These matters are appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers timely filed in support of, and in opposition to the matters, the Court: (1) GRANTS Defendants' Request for Judicial Notice; and (2) GRANTS Plaintiff's Motion to Remand. The February 27, 2017 hearing on the matters is VACATED.

## I. BACKGROUND

**A. Procedural History**

   On May 24, 2016, Plaintiff initiated this action against Serco Management Services, Inc., Serco, Inc. (collectively "Serco") and Does 1 through 20 (collectively, "Defendants") in the Superior Court for the County of San Bernardino. ("Complaint," Dkt. No. 1-2.)

   Defendants filed a Notice of Removal on December 28, 2016 based on diversity jurisdiction. (Dkt. No. 1, Notice of Removal at 2.) In support of their Notice of Removal, Defendants attached Plaintiff's state court complaint, a Declaration of Demery Ryan, ("Removal Decl.," Dkt. No. 1-1), and a Declaration of Richard Gilligan. (Dkt. No. 1-15.) This is the second time Defendants have removed this action. (See Removal Decl.) On July 28, 2016, Defendants filed their Answer in Superior Court. (Id. at ¶ 11.) On July 29, 2016, Serco removed this action to federal court. (Id.

at ¶ 12; See Notice of Related Case, "Related Case" or "RC," Case. No. 5:16-cv-1655, Dkt. No. 5.) On August 18, 2016, Plaintiff filed a motion to remand, which this Court granted on September 15, 2016. ("Remand Order," RC Dkt. No. 19.)

Plaintiff filed the present Motion to Remand on January 24, 2017. (Motion.) In support of the Motion, Plaintiff filed a Declaration of Michael J. Freiman, (Dkt. No. 12-1), attaching as Exhibit A an email sent on September 27, 2016 by Plaintiff's counsel to Serco's counsel relaying a settlement demand. ("Settlement Demand," Dkt. No. 12-2.) Defendants opposed Plaintiff's Motion on February 6, 2017. ("Opposition," Dkt. No. 14.) In support, Defendants attached a Request for Judicial Notice, ("RJN," Dkt. No. 13-4),[1] as well as the following documents:

- Declaration of Demery Ryan (Ryan Decl., Dkt. No. 13-1), including the following state court filings for Case No. CIVDS 1608511:

    o Serco's Requests for Admissions as Exhibit A (Dkt. No. 13-2),
    o Serco's Form Interrogatories as Exhibit B (Id.),
    o Plaintiff's responses to Serco's Requests for Admissions served on November 30, 2016 as Exhibit C ("RFA Responses," Id. at Ex. C),
    o Plaintiff's responses to Serco's Form Interrogatories as Exhibit D ("Interr. Resp.," Id. at Ex. D),
    o Plaintiff's deposition testimony taken on December 7, 2016 as Exhibit E ("Deposition," Dkt. No. 13-3),
    o Plaintiff's counsel's meet and confer letter as Exhibit F (Id. at Ex. F),
    o Defendants' meet and confer letter on Plaintiff's discovery responses as Exhibit G (Id. at Ex. G), and
    o Plaintiff's counsel's Declaration regarding Lawrence and Michael Freiman's respective billing rates as Exhibit H (Id. at Ex. H.)

---

[1] Defendants request judicial notice Plaintiff's Reply in support of his motion to remand in the related case filed on September 6, 2016, Case No. 5:16-cv-01655-JGB-RAO ("RC Reply," Dkt. No. 13-4, Ex. 1), and a declaration submitted by Plaintiff's counsel to this Court in Cappuccio v. Pepperdine University, Case No. 2:13-cv-03125-DSW-AJW (2014). The Court finds both are proper subjects for judicial notice. These documents are in the public record and their existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, courts routinely take judicial notice of these types of documents. See, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs, transcripts, and various other court filings from related case); Liebelt v. Quality Loan Serv. Corp., No. 09-CV-05867-LHK, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011) (taking judicial notice of Trustee's Deed Upon Sale); Reynolds v. Applegate, No. C 10-04427 CRB, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb. 14, 2011) (taking judicial notice of various documents related to foreclosure, including Notice of Default). Accordingly, the Court GRANTS Defendants' Request for Judicial Notice.

On February 13, 2017, Plaintiff filed a reply memorandum in support of his Motion. (Dkt. No. 14.)

**B. Plaintiffs' Claims**

Plaintiff, an employee of Serco, claims he filed complaints with both Serco and the Federal Aviation Administration ("FAA") regarding Serco's violation of various workplace safety laws, FAA regulations, and other aviation and airport regulations. (Complaint ¶¶ 7, 8.) Plaintiff claims that Serco retaliated against him for making these complaints by demoting him and transferring him to a different position. (Id. ¶ 10.) As a result, he has suffered and continues to suffer economic damages, including a loss in his earnings, and noneconomic damages, including emotional distress damages. (Id. ¶¶ 11, 12.)

Plaintiff brings his wrongful retaliation claims under California Labor Code sections 1102.5 and 6310. Section 1102.5 is a whistleblower protection statute that protects employees from retaliation by their employer for disclosing to a government or law enforcement agency that the employer violated a local, state, or federal rule or regulation. See Cal. Lab. Code § 1102.5. Relatedly, section 6310—which is part of the California Occupational Safety and Health Act—prohibits employers from retaliating against employees because the employee complained to a government agency about a matter of occupational health or safety. See Cal. Lab. Code § 6310.

## II. DISCUSSION

Plaintiff moves to remand on the grounds that the Notice of Removal was filed more than 30 days after Defendants' receipt of an "other paper" from which it could be ascertained that the amount in controversy exceeded $75,000. (Mot. at 2-3.) The "other paper" to which Plaintiff refers is a settlement demand for $99,000 sent by Plaintiff's counsel to Defendants' counsel in an email dated September 27, 2016. (Settlement Demand.) Defendants, on the other hand, argue that it was not until Plaintiff made certain admissions in his discovery responses and deposition testimony in December 2016 that Defendants were put on notice that the case was removable. (Opp. at 10.)  Defendants, therefore, argue that their Notice of Removal, filed on December 28, 2016, was timely. (Id.)

**A. Legal Standard**

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute.  Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013).  As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy

exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.[2]  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

As noted above, Defendants removed on the basis of diversity jurisdiction. (Not. of Removal.) To remove a state action to federal court, the defendant must file a notice of removal with both the state court where the case was filed and the federal court to which it will be transferred. 28 U.S.C. § 1441. The notice of removal must be filed within 30 days of the first removable document, and the case must be removed to the federal district court that encompasses the state court where the action was initiated. Id.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after the case becomes removable. 28 U.S.C. § 1446(b)(3). This 30–day limit begins to run when the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The party seeking removal has the burden of establishing federal jurisdiction.  Emrich v Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Jackson v. Specialized Loan Servicing, LLC, No. CV 14-05981 MMM PLAX, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014) (quoting Gaus).  Indeed, doubts as to removability must be resolved in favor of remanding the case to state court.  Jackson, 2014 WL 5514142, at *6.

---

[2] **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
    **(1)** citizens of different States;
    **(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
    **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
    **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.

The Parties do not dispute the existence of complete diversity. At issue here is whether Defendants' Notice of Removal was timely, which requires the Court to determine when the case was first removable.

**B. Timeliness**

Again, Plaintiff maintains that the Court should remand the case because Defendants filed their Notice of Removal more than 30 days after they received the Settlement Demand—i.e., "other paper"—from which it could be ascertained the amount in controversy exceeded $75,000. (Mot. at 3.) Here, Plaintiff's counsel's September 27, 2016 email to Defendants' counsel, in which he offered to dismiss all claims in exchange for $99,000, was sufficient to provide notice that this case was removable and therefore, sufficient to start the 30-day window under Section 1446(b). See Ackerberg v. Citicorp USA, Inc., 887 F. Supp. 2d 934, 938-39 (N.D. Cal. 2012) (holding that date defendants received settlement letter first indicating the amount in controversy started the 30-day period for removal under Section 1446(b)(3)).

A document reflecting a settlement demand in excess of the jurisdictional minimum constitutes "other paper" sufficient to provide notice that a case is removable. Babasa v. Lenscrafters, Inc., 498 F.3d 972, 974-75 (9th Cir. 2002); Cohn v. Petsmart, Inc., 281 F.3d 837, 940 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim"). Once the Settlement Demand is received by Defendants, they must remove the action within 30 days. 28 U.S.C. § 1446(b).

A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a "bold optimistic prediction." Surber v. Reliance Nat'l Indem. Co., 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000). On that basis, Defendants argue that they "had no reason to think that the settlement demand in September 2016 was anything more than a 'bold optimistic prediction.'" (Opp. at 10.) Defendants assert that the Settlement Demand for $99,000 could not be seen as a reasonable estimate of Plaintiff's claims because it lacked any explanation of how the figure was calculated. (Opp. at 7.) Defendants' arguments are unpersuasive.

The email communicating the Settlement Demand from Plaintiff's counsel reads: "Mr. Bloomer demands $99,000 in exchange for a full dismissal of all claims against all parties. This is an early demand intended to resolve the case prior to the parties incurring additional fees and costs. In that regard, our demand will go up once any further work is completed. . ." (Settlement Demand.) The Court concludes that the Settlement Demand contained a reasonable estimate of Plaintiff's claims for Defendants to have sufficient notice that the case was removable as of September 27, 2016. The email strongly suggests that the $99,000 figure contemplated the value of Plaintiff's claims as well as the attorneys' fees incurred as of September 27, 2016. (Id.)

The $99,000 estimate does not strike the Court as unreasonable. In their Opposition, Defendants insist that the attorneys' fees, based on Plaintiff's counsel's work to date, are likely to fall between $30,000 and $33,750. (Opp. at 18.) In his prayer for relief, Plaintiff includes statutory penalties, compensatory damages, punitive damages, earned wages, loss of income,

damages for emotional distress, and attorneys' fees. (Complaint at 5.) The Court, in its Remand Order, found that Plaintiff's claim for violations of section 1102.5 placed at least $20,000 in statutory damages in controversy. (Remand Order at 3.)³ Taking the minimum of $20,000 in statutory penalties together with the possibility of punitive damages, attorneys' fees, and reasonably expected compensatory damages for lost income and emotional distress, the Court does not view the $99,000 figure as merely a "bold optimistic prediction."

Still, Defendants persist that prior to Plaintiff's deposition testimony they could not be charged with constructive notice that Plaintiff's damages met the jurisdictional minimum because Plaintiff specifically disavowed an amount in controversy exceeding $75,000 three weeks before the Settlement Demand email. In Cohn v. Petsmart, Inc., 281 F.3d 837, 940 (9th Cir. 2002), the Ninth Circuit held that a settlement letter on its own could establish the amount in controversy only where the plaintiff "did not seek to disavow the letter or offer contrary evidence." Id. at 840. Defendants assert, therefore, that the date of the Settlement Demand did not commence the 30-day period for removal.

The specific disavowal to which Defendants refer is contained in the Reply to Plaintiff's motion to remand filed in the Related Case. But the RC Reply contains neither a specific disavowal of the $99,000 valuation nor an estimation of the value of Plaintiff's claims. (RC Reply at 2-3.) As such, nothing in the RC Reply could constitute an offer of "contrary evidence" to undermine the notice the Settlement Demand otherwise provided. Plaintiff merely argued that at that time Defendants could not show by a preponderance of evidence that the amount in controversy exceeded $75,000. (Id.) Plaintiff's refusal to stipulate to a damages amount of less than $75,000 in a filing in support of his initial motion to remand does not expressly disavow the possibility of a higher damages at a later date. (Id.) In short, the Court is not persuaded that Plaintiff's prior representations are sufficient to foreclose the possibility that the $99,000 figure could be viewed as a reasonable estimate of Plaintiff's claims. Of course, even if the Plaintiff's Reply explicitly disavowed a damages estimate exceeding $75,000, three weeks later—when the Settlement Demand was served— the opportunity to remove this case was still ripe for the taking.

Defendants maintain they did not have notice of the value of Plaintiff's claims until: (a) they received Plaintiff's RFA Responses on November 30, 2016, and (b) Plaintiff admitted that he earned $7,280 each year during his deposition testimony in December 2016. (Opp. at 11.) The Court finds that Defendants had sufficient notice of the value of Plaintiff's claims prior to their receipt of Plaintiff's RFA Responses and Deposition Testimony. For one thing, Plaintiff's RFA Responses simply repeat the position that Plaintiff took in his September 6, 2016 Reply—i.e., a sustained refusal to stipulate to a damages amount of less than $75,000 (RFA Response)—and Plaintiff's initial complaint explicitly includes loss of income as a measure of damages for his retaliation claim. (Complaint at 6.)

---

³ The Court declined, however, to conclude that the attorneys' fees, emotional distress damages, and punitive damages could be expected to exceed $55,000 on the evidence presented. (Remand Order at 3.)

    The impropriety of removal here is corroborated by the fact that Defendants could not likely make the requisite showing for purposes of removal by relying solely on Plaintiff's RFA Responses and Deposition Testimony. The $116,480 figure cited in Defendants' Opposition does not reflect Plaintiff's own estimation of the value of his claims but is figure postulated by Defendants. Indeed, Defendants arrived at the $116,480.00 figure by multiplying $7,280.00 by the total years Plaintiff expected to work. (Deposition at 8) (responding "I was thinking till I was 70" to the question "How many more years do you plan to work at Serco?"). On that basis, the Court finds that Defendants' prediction of damages for future earnings is highly speculative. Since "[t]he ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what a defendant will actually owe," Jackson, 2014 WL 5514142, at *8, the Court is not convinced that absent the Settlement Demand, Plaintiff's subsequent admissions would be sufficient to establish the jurisdictional threshold by a preponderance of evidence. Because "doubts as to removability must be resolved in favor of remanding the case," Id. at * 6, the Court concludes that remand is proper.

    In brief, the Settlement Demand's estimate of $99,000 in damages, even if imprecise, was sufficiently supported by allegations of the injuries contained in the complaint to put Defendants on notice by September 27, 2016 that the case was removable. Because Defendants filed their notice of removal on December 28, 2016, well over thirty days after Defendants were placed on notice that the jurisdictional minimum had been met, the Court GRANTS Plaintiff's Motion to Remand.

### III. CONCLUSION

    Since Defendants failed to comply with the procedural requirements of Section 1446(b), this Court lacks subject matter jurisdiction over Plaintiff's claims. The Court, therefore, REMANDS the matter to the San Bernardino County Superior Court.

**IT IS SO ORDERED.**